**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WYNCOMM LLC,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION AND TOSHIBA AMERICA, INC.,<br><br>Defendants. | **Civil Action No. ______________**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Wyncomm LLC ("Wyncomm" or "Plaintiff"), for its Complaint against Defendant Toshiba Corporation and Defendant Toshiba America, Inc., collectively referred to as ("Toshiba" or "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

2. Plaintiff Wyncomm is a limited liability company organized under the laws of the State of Delaware with a place of business at 113 Barksdale Professional Center, Newark, Delaware 19711.

3. Upon information and belief, Toshiba Corporation is a corporation organized and existing under the laws of Japan, with a place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001 Japan and a registered agent for service of process at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001 Japan. Upon information and belief, Toshiba Corporation sells and offers to sell products and services throughout the United States, including in this judicial

district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4. Upon information and belief, Toshiba America, Inc. is a corporation organized and existing under the laws of Delaware, with a place of business at 1251 Avenue of the Americas, New York, New York 10020 and a registered agent for service of process at The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Toshiba America, Inc. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

8. Upon information and belief, Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware. Further, this Court has personal jurisdiction over Toshiba America, Inc. because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,506,866**

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On April 9, 1996, U.S. Patent No. 5,506,866 Patent ("the '866 Patent"), entitled "Side-Channel Communications in Simultaneous Voice and Data Transmission," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '866 Patent is attached as **Exhibit A**.

11. Wyncomm is the assignee and owner of the right, title and interest in and to the '866 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12. Upon information and belief, the Defendants have and continue to directly infringe one or more claims of the '866 Patent by making, using, selling, importing and/or providing and causing to be used products that transmit information utilizing WiFi, including information representative of analog data such as voice or sound and including control data, in which the information representative of analog data is converted to voice or sound, which by way of example include handsets such as Toshiba TG01, tablets such as the Toshiba Thrive 7, and televisions such as the Toshiba 32SL415U (the "Accused Instrumentalities").

13. Defendants were made aware of the '866 Patent and its infringement thereof at least as early as their receipt of correspondence from Wyncomm providing notice of the '866 patent and Defendants' infringement thereof sent to Toshiba Corporation on January 28, 2013 and to Toshiba America, Inc. on January 29, 2013. Each letter was sent by certified mail with return receipt requested. Wyncomm has since received the return receipt, indicating that Defendants have received the letter.

14. Upon information and belief, since at least the time they received notice, Defendants have induced and continue to induce others to infringe at least one claim of the ’866 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants’ partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the ’866 Patent.

15. In particular, Defendants’ actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the ’866 Patent and that their acts were inducing their customers to infringe the ’866 Patent since at least the date Defendants received notice that such activities infringed the ’866 Patent.

16. Despite Wyncomm’s notice regarding the ’866 Patent, Defendants have continued to infringe the ’866 Patent. On information and belief, Defendants’ infringement has been and continues to be willful.

17. Wyncomm has been harmed by Defendants’ infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wyncomm demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wyncomm demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants have infringed the ’866 Patent;

B. An award of damages to be paid by Defendants adequate to compensate Wyncomm for their past infringement of the ’866 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff’s reasonable attorneys’ fees; and

D. An award to Wyncomm of such further relief at law or in equity as the Court deems just and proper.

Dated: April 12, 2013

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Wyncomm LLC*